UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DOUGLAS JAMES SWIFT, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-09-161 |
| | § | |
| WORLD WIDE SHORE SERVICES, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

### I.    INTRODUCTION

Before the Court is the defendants World Wide Shore Services, Inc., Holland America Line Inc., and Carnival Corporation's motion for summary judgment (Document No. 32) brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, and against the plaintiff, Douglas James Swift. The plaintiff filed a timely response (Document No. 33) and the matter is fully before the Court. After a thorough review of the documents on file and all submissions, the Court is of the opinion that the defendant's motion should be granted.

### II.    FACTUAL BACKGROUND

The plaintiff was first employed by Worldwide Shore Services, a defendant, on May 24, 2004, as a greeter. The plaintiff's employment with the defendant progressed and some 14 or so months later, he was promoted to the position of Pier Lead. Over the next two years the plaintiff "enjoyed an exemplary relationship with both management and staff." According to the plaintiff, he served as chairman for Carnival Corporation's largest fundraising event for the United Way at the Galveston Port. Along the way, the plaintiff received both salary increases and bonuses through 2006.

In August 2007, the plaintiff was confronted by a fellow employee, Amy Hervin, who stated, "Mike has something for you." According to the plaintiff, Hervin was referring to her boyfriend, Mike Nelson. Later, the plaintiff received a phone call from "Mike", and shortly thereafter, received a case of DVDs delivered by Hervin. The DVDs, admits the plaintiff, contained pornographic materials. The plaintiff states that he admonished Hervin concerning the DVDs, informing that he was certain that "gifting pornographic materials" was against company policy. In addition, the plaintiff approached the Human Resources ("HR") Manager about the event.

Nevertheless, in 2008, the plaintiff contends, that his hours were reduced and on March 13, 2008, he was cited for three incidents. On June 10, the plaintiff was terminated for violating company policy. On February 17, 2009, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on sexual discrimination and retaliation. A notice of right to sue issued, and the plaintiff filed suit on August 6, 2009.

### III.   CONTENTIONS OF THE PARTIES

#### a)   The Defendants' Contentions

The defendants contend that the plaintiff was terminated for engaging in "inappropriate behavior" and for "rudeness to co-workers and CCL ship personnel." In one instance, in March 2008, a guest complained that the plaintiff, who was working check-in at the wheelchair station, was "incredibly rude to the assisting crew member and spoke down to them very loudly." Earlier, on January 12, 2008, a co-worker complained to a supervisor about the way she was treated by the plaintiff in the presence of guests. The third alleged act of rudeness occurred on February 10, 2008, and it concerned a co-worker who complained that the plaintiff had given her

a verbal warning. As a result of these three incidents, the plaintiff received a written warning on March 13, 2008.

In June 2008, the plaintiff was discharged when he violated the "cooler policy" that prohibited guests from bringing coolers over a certain size aboard the vessel. Another violation concerned a violation of the VIP check-in policy. The plaintiff, without authority, permitted his aunt and other guests traveling with her to check into the VIP check-in room, even though all of his aunt's guests were not approved for that service. As a result, the plaintiff was terminated.

While asserting that these are the stated are bases for terminating the plaintiff, the defendants also point out that the plaintiff's suit should be dismissed because the plaintiff failed to file a timely charge of discrimination, a prerequisite to filing a Title VII lawsuit.

      **b)**      **The Plaintiff's Contentions**

The plaintiff contends that he is the victim of sexual discrimination and retaliation. The plaintiff asserts that the true reason for his termination is based on his receipt of certain DVDs containing pornographic materials in August 2007, from Mike Nelson. And, even though the DVD incident is not mentioned in any of the disciplinary actions taken against him, the truth, the plaintiff contends, is that the DVD incident is the basis for the disciplinary actions taken against him and his termination. Therefore, the plaintiff asserts that he was retaliated against for reporting Amy Hervin's conduct, i.e., delivering the DVDs to him. To the defendant's contention that the plaintiff failed to file a timely charge of discrimination, the plaintiff asserts that "the last day of discrimination [was] June 12, 2008, the day he was terminated.

## IV.     STANDARD OF REVIEW

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."* *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant

is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.   ANALYSIS AND DISCUSSION

The plaintiff's response to the defendants' allegation that his charge of discrimination was untimely filed is that the first date that discrimination took place was March 13, 2008, and that latest was June 12, 2008. These dates correspond with the date that the plaintiff was disciplined and the date he was terminated. Hence, by his own admission, the action taken in March of 2008 occurred more than 300 days prior to the date that the plaintiff filed his charge of discrimination. Therefore, in the Court's opinion, the plaintiff cannot sustain a suit based on allegations of sex discrimination or retaliation arising out of the March 13, 2008, disciplinary action. *See Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998).

The plaintiff also charges that he was the subject of sex discrimination and retaliation on June 12, in that he was wrongfully terminated. The sex discrimination allegation arises because it was at the hands of several female managers and/or supervisors that he was disciplined and terminated. It appears that the plaintiff's retaliation charge arises out of his termination. However, there is no evidence that the plaintiff reported any incident of discrimination to his employer. It is also undisputed that he had a duty to do so pursuant to the Employee Handbook, yet he did not do so. And, there is no evidence that the plaintiff complained to his supervisor, or that he reported any discriminatory act to anyone prior to his termination on June 12, 2008.

In order for the plaintiff to state a viable claim for retaliation, he must establish that he engaged in protected activity, that an adverse employment action was taken against him, and that a causal link exists between his exercise of a protected activity and the adverse employment

action.  *See Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).  Therefore, the plaintiff's allegation, that he was retaliated against "for complaining," is unfounded.  This claim fails.

The plaintiff also contends that he was discriminated against because of his gender, male.  It appears that the plaintiff is suggesting that he was singled out for mistreatment.  In order to establish this claim, the plaintiff must establish that he belongs to a protected group, that he was qualified for the position that he held, that he suffered an adverse employment action; and, that he was treated differently than female employees who were similarly situated in that the female employees were treated more favorably.  *See Nasti v. CIBA Specialty Chemicals Corporation*, 492 F.3d 589, 593 (5th Cir. 2007).  The Court is of the opinion, based on undisputed facts, that the plaintiff's claim is unmeritorious.

The personnel action notice terminating the plaintiff stated that he was being terminated for "violation of company policy."  The relevant events occurred on June 8 and 9.  In regard to these events, the plaintiff does not dispute that he violated the CCL Policy that prohibits guests from bringing coolers on board the vessel beyond a certain size.  Nor does the plaintiff dispute that he, without approval or authority, added his aunt's name and the names of her guests to the VIP list.  Despite efforts by his supervisor to correct the situation concerning his aunt on site, the plaintiff continued to check-in his aunt and her guest.  The plaintiff does not dispute the policy nor his conduct.  Nor does he cite to an instance where a female employee, at his status was treated differently.  The Court is of the opinion and concludes that the plaintiff has failed to establish one or more of the elements necessary to prove gender discrimination.  Moreover, the evidence conclusively establishes that a legitimate non-discriminatory reason for terminating the plaintiff was stated.  And finally, the plaintiff has failed to present evidence that the defendants'

stated reasons for terminating him are false. Therefore, the Court concludes that the plaintiff's gender-based discrimination claim fails.

## V.     CONCLUSION

Based on the foregoing analysis and discussion, the Court is of the opinion that the defendants' motion for summary judgment should be, and it is hereby, GRANTED.

SIGNED at Houston, Texas this 2nd day of November, 2010.

_____
Kenneth M. Hoyt
United States District Judge